UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN S. PETERSON AS TRUSTEE ON
BEHALF OF THE BANKRUPTCY
ESTATE OF LESLEE MACDONALD,

Plaintiff,

v.

THE KROGER CO. and FRED MEYER
STORES, INC. dba QUALITY FOOD
CENTERS, INC.,

Defendants.

Case No. 08-05489 RJB

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT

This matter comes before the court on Defendants' Motion for Partial Summary Judgment. Dkt. 16. The court has considered the relevant documents in support of the motion and the remainder of the file herein.

## I. PROCEDURAL HISTORY

On December 18, 2007, Leslee MacDonald, appearing *pro se*, filed a complaint against Quality Food Centers, Inc. and Kroger Co. in Jefferson County Superior Court. Dkt. 4. On March 25, 2008, Ms. MacDonald filed for bankruptcy, which subjected the defendants to an automatic bankruptcy stay. Dkt. 4. On July 31, 2008, the defendants accepted service of an amended complaint by the new plaintiff John Peterson, the Chapter 7 bankruptcy trustee for Ms. MacDonald. Dkt. 4. On August 6, 2008, the defendants removed the case to this court on the basis of diversity of citizenship. Dkt. 1.

## II. RELEVANT FACTS

The relevant facts herein were supplied by the defendants because the plaintiff did not respond to the defendants' motion for partial summary judgment to contest the defendants' showing of the facts.

Quality Food Centers, Inc. (QFC) hired Leslee MacDonald on June 22, 1997. Dkt. 17

In 1998, Fred Meyer Stores, Inc. purchased QFC. Dkt. 17. In 1999, Kroger Corp. purchased Fred Meyer Stores, Inc. in a stock transaction. *Id*. Fred Meyer Stores, Inc., is a corporate subsidiary of Kroger Corp. *Id*. The defendants state that Ms. MacDonald was never employed by Kroger Corp. *Id*.

On June 19, 2004, Ms. MacDonald applied for a medical leave of absence following an injury that she sustained while off work. Dkt. 17; Dkt. 4-8. On her application for leave, Ms. MacDonald's doctor certified that she would need leave for six weeks. *Id*. QFC's Human Resources Department notified Ms. MacDonald that her leave was approved through July 31, 2004, and that she would be required to present a fitness-for-duty certificate prior to being restored to employment. *Id*.

On July 28, 2004, Ms. MacDonald's physician requested an additional six weeks of leave. Dkt. 17. QFC granted this request. *Id*.

On September 2, 2002, Ms. MacDonald's physician again requested an additional six weeks of leave. Dkt. 17. QFC again granted this request. *Id*.

On September 29, 2004, Ms. MacDonald's physician requested an additional eight weeks of leave. Dkt. 17. QFC granted this request. *Id*.

On November 24, 2004, Trish Meier, QFC's Payroll Administrator, sent a letter to Ms. MacDonald notifying her that on December 18, 2004 her maximum leave time would expire. Dkt. 17. QFC's policy limited leave to a maximum of 26 weeks for illness or off the job injury. *Id.* The letter stated that "if you have not returned to work within two (2) weeks from the above date (December 31, 2004) it will be considered a voluntary resignation from the Company." *Id*.

On December 13, 2004, Ms. MacDonald's doctor requested another four weeks of medical leave. Dkt. 17. QFC denied this request. *Id*. On December 15, 2004, Ms. Meier wrote another letter to Ms. MacDonald that stated that Ms. MacDonald did not qualify for any extension of leave beyond December 18, 2004 because she exhausted her leave time available through her Collective Bargaining Agreement and State and Federal Leave Laws. *Id*. Ms. Meiers again told Ms. MacDonald that if she was unable to return

to work her employment would be terminated and it would be treated as a voluntary resignation. *Id.*

On December 18, 2004, QFC terminated Ms. MacDonald's employment. Dkt. 17.

Defendant QFC states that it has "no record of Ms. MacDonald ever providing a medical release in November or December 2004 or in 2005 indicating that she could return to work to perform the essential functions of her job or any job." Dkt. 17. Furthermore, QFC states that it has no record of Ms. MacDonald reapplying for employment after December 18, 2004. *Id.*

## III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

On February 26, 2009, the defendants filed a motion for partial summary judgment. Dkt. 16. The defendants request that the court dismiss eight of the plaintiff's eleven claims. *Id.* The defendants also seek dismissal of the defendant Kroger Co. because they argue that Kroger Co. at no time employed the Ms. MacDonald. *Id.*

On March 20, 2009, the defendants filed a Supplemental Declaration of Francis L. Van Dusen, Jr. in Support of a Proposed Order Granting Defendants' Unopposed Motion for Partial Summary Judgment. Dkt. 27. In this declaration, defendants' counsel included email correspondence between himself and plaintiff's counsel that discussed whether plaintiff's counsel would agree to a proposed order granting the defendants' motion. *Id.* It appears that plaintiff's counsel was willing to stipulate to a proposed order dismissing some of the claims, but defendants' counsel was unable to confirm this in writing because plaintiff's counsel was unavailable due to a family emergency. *Id.*

The plaintiff filed no response to the defendants' motion for partial summary judgment. Under CR 7(d)(3), any opposition papers to dispositive motions shall be filed and served not later than the Monday before the noting date. If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. CR 7(b)(2). The court should grant the defendants' motion for partial summary judgment because the plaintiff failed to respond, and, under CR 7(b)(2), this is an admission that the defendants' motion has merit.

## IV. DISCUSSION

Furthermore, the court has reviewed the defendants' uncontested submissions in support of this motion for summary judgment, and these submissions indicate that dismissal is appropriate for these claims.

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 604, (1938), in diversity cases, a federal court applies state substantive law to state law claims.

## *A. Disparate Treatment*

The plaintiff's disparate treatment claim by itself is not a cognizable claim and appears redundant to the plaintiff's first three causes of action. *See* Dkt. 4-8 (*Amended Complaint for Damages)*. Specifically, the plaintiff failed to distinguish this claim from the claims for Handicap, Age or Gender Discrimination, nor did the plaintiff tie this claim to any statute or protected category. For these reasons, the court should grant the defendants' motion for partial summary judgment on this issue.

Furthermore, the statute of limitations is three-years for a claim under the Washington Law Against Discrimination (WLAD). *See Alder v. Fred Lind Manor*, 153 Wn.2d 331, 356 (2004) (WLAD does not expressly provide for a particular statute of limitations for employment discrimination claims, and, instead, courts have applied the general three-year statute of limitations in RCW 4.16.080(2) to WLAD claims reasoning that violations of chapter 49.60 RCW amount to an invasion of a person's legal rights.) For this reason, any disparate treatment claims based on the defendants' actions prior to December 18, 2004 should be dismissed because they are barred by the statute of limitations.

## *B. Failure to Pay Wages*

It appears that the plaintiff's cause of action for "failure to pay wages" would be pre-empted by the Labor Management Relations Act of 1947 (LMRA) because the plaintiff's wages are controlled by the collective bargaining agreement. 29 U.S.C. § 185. Where a plaintiff's state law claim cannot be resolved without interpreting the applicable collective bargaining agreement, it is pre-empted by the LMRA. *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003). Because the court would have to interpret the collective bargaining agreement, the failure to pay wages claim is pre-empted by the LMRA.

Furthermore, the plaintiff's state law claim for "failure to pay wages" is untimely under the applicable three-year statute of limitations because it is based entirely upon actions that occurred prior to Ms. MacDonald's December 18, 2004 termination of employment. *See* RCW 4.16.080(2) (there is a three-

year statute of limitations for common law claims.) For this reason, the court should grant the defendants' motion for partial summary judgment on this issue.

### C. Violation of Washington Wage Statute

The plaintiff's statutory wage claim is barred by the three-year statute of limitations because Ms. MacDonald admits that she did not do any alleged "off-the-clock" work after June 19, 2004. Dkt. 19; Exhibit A (*Leslee MacDonald's Deposition*); s*ee Seattle Professional Engineering Employees Ass'n v. Boeing Co.,* 139 Wn.2d 824, 837 (2000) (holding that the three-year statute of limitations in RCW 4.16.080(3) applies to WMWA claims). The complaint was filed on December 18, 2007. For this reason, the court should grant the defendants' motion for partial summary judgment on this issue.

### D. Intentional/Reckless Infliction of Emotional Distress

The plaintiff did not provide evidence of specific behavior to establish the elements for intentional infliction of emotional distress. *See Kloepfel v. Bokor,* 149 Wn.2d 192, 196 (2003) (elements for a tort of outrage are (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress.) Specifically, the plaintiff failed to show that there was any genuine issue of material fact whether the defendants' conduct was "extreme and outrageous."

Furthermore, the plaintiff's claim for intentional infliction of emotional distress is time-barred for any alleged actions by the defendants before December 18, 2004. *See Milligan,* 90 Wn.App. at 592 (three-year statute of limitations for intentional infliction of emotional distress). The plaintiff's complaint was filed on December 18, 2007. For these reasons, the court should grant the defendants' motion for partial summary judgment on this issue.

### E. Negligent Infliction of Emotional Distress

The plaintiff failed to raise any genuine issue of material fact regarding whether (1) the defendants owed a duty to Ms. MacDonald; (2) the defendants breached that duty; and (3) the breach of that duty resulted in damages. Furthermore, the plaintiff's claim for negligent infliction of emotional distress is timed-barred for any alleged actions by the defendants before December 18, 2004. *See Milligan,* 90 Wn.App. at 592 (three-year statute of limitations for negligent infliction of emotional distress). For these reasons, the court should grant the defendants' motion for partial summary judgment on this issue.

*F. Negligent Hiring, Negligent Supervision and Negligent Retention*

The plaintiff failed to raise a genuine issue of material fact regarding whether the defendants knew or should have known that their employee, Dan Diederichs, was somehow unfit or incompetent and whether hiring, supervising or retaining Mr. Diederichs was the proximate cause of the plaintiff's injuries. *See Betty Y. v. Al-Hellou,* 98 Wn. App. 146, 148-49 (1999). For this reason, the court should grant the defendants' motion for partial summary judgment on these issues.

*G. Defendant Kroger Co.*

The plaintiff failed to raise any genuine issue of material fact as to whether the defendant Kroger Co. employed Ms. MacDonald while she worked at QFC. QFC is owned by the defendant Fred Meyer Stores, Inc., which is owned by Kroger Co. Dkt. 17. Kroger Co. states that it did not employ Ms. MacDonald, and the plaintiff did not offer any evidence that Kroger Co. did in fact employ her. For this reason, the court should grant the defendants' motion for partial summary judgment on this issue and defendant Kroger Co. should be dismissed from this action.

## V. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. 16) is **GRANTED**. The plaintiff's claims for: Disparate Treatment; Failure to Pay Wages; Violation of Washington Wage Statute; Intentional/Reckless Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligent Hiring; Negligent Supervision; and Negligent Retention are **DISMISSED**, and the plaintiff's only remaining claims are Handicap Discrimination, Age Discrimination and Gender Discrimination. The Defendant The Kroger Company is **DISMISSED** from this matter.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of March, 2009.

ROBERT J. BRYAN
United States District Judge